IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT EVANS, | ) |
| | ) |
|         Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-cv-00821-NJR |
| | ) |
| ZACHARY ROECKMAN, | ) |
| LT. V. JACKSON, LT. SCHUTLER, | ) |
| N. NALLY, UNKNOWN SORT OFFICER, | ) |
| and DR. DENNIS LARSON, | ) |
| | ) |
|         Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Robert Evans, an inmate currently incarcerated at Big Muddy River Correctional Center ("Big Muddy"), brings this *pro se* civil rights action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.

## The Complaint

According to the complaint, on May 5, 2014, the Illinois Department of Corrections Special Operations Response Team ("SORT") conducted a shakedown of housing unit #3 at Big Muddy. (Doc. 1, p. 4). All inmates in the unit were strip searched, handcuffed, and then escorted to the chow hall. *Id*. Inmates were instructed to keep their heads and eyes down. Plaintiff Evans alleges that he was sitting at a table with other inmates when suddenly an unknown SORT officer grabbed him by the back of his neck and asked, "What do [you] find so funny?" *Id*. Plaintiff claims that he responded, "I was not laughing sir." The SORT officer then banged Plaintiff's head into the steel table numerous times while choking him. *Id*. Plaintiff states that when he informed the officer that he had epilepsy, the officer replied, "What does this do for you?" and

then forced his thumb into Plaintiff's windpipe while banging Plaintiff's head against the table two more times at which point Plaintiff lost consciousness. *Id*. at 5. Attached to the complaint are affidavits filed by two inmates who confirm this sequence of events. *Id*. at 16-17.

Plaintiff awoke a few minutes later in the health care unit. Plaintiff, covered in vomit and drool, was informed that he had suffered a seizure. *Id*. According to the complaint, Defendant Dr. Larson treated Plaintiff. When Plaintiff informed Defendant Larson what had happened, Defendant Larson allegedly replied, "You're a tough guy. You can take a few blows to the head." *Id*. Plaintiff only briefly mentions the other named defendants. He states that Defendant Nally escorted him to the infirmary where Defendants Jackson and Schutler were present. It is unclear when Defendant Nally arrived on the scene and what, if anything, he witnessed. Plaintiff does not allege that Defendant Roeckman was present at the time of the incident.

Plaintiff asserts that he had knots all over his head and two months later still has numbness on the right side of his face. Plaintiff filed an emergency grievance; he received a response from Defendant Roeckman stating that it was not an emergency. Plaintiff subsequently appealed the decision, but he has yet to receive a response.

Plaintiff now sues Defendants Roeckman (Warden of Big Muddy), Lt. Jackson (correctional officer), Lt. Schutler (officer with internal affairs), Nally (SORT officer), Unknown Party (SORT officer), and Larson (medical doctor) for unspecified constitutional violations that resulted from the incident on May 4, 2014.

**Merits Review Under 28 U.S.C. § 1915A**

The complaint is before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion

of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011); *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). After carefully considering the allegations, the Court finds that Plaintiff's complaint survives preliminary review under § 1915A.

**Discussion**

Accepting Plaintiff's allegations as true, as the Court must do at this preliminary stage, the Court finds that the complaint sets forth an actionable excessive force claim (Count 1), but only against Defendant Unknown Party. Plaintiff has not stated facts sufficient to implicate the

remaining defendants in the incident. As such, they shall be dismissed without prejudice.

The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under § 1983. *See Wilkins v. Gaddy*, 559 U.S. 34 (2010). An inmate must show that an assault occurred and that "it was carried out 'maliciously and sadistically' rather than as part of 'a good-faith effort to maintain or restore discipline.'" *Wilkins*, 559 U.S. at 40 (citing *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). Several factors are relevant to this determination, including the need for force, the amount applied, the threat a guard reasonably perceived, the effort made to temper the severity of the force used, and the extent of the injury caused to the prisoner. *Hudson v. McMillian*, 503 U.S. 1, 7 (1992); *Fillmore v. Page*, 358 F.3d 496, 504 (7th Cir.2004). An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Wilkins*, 559 U.S. at 37-38 (the question is whether force was de minimis, not whether the injury suffered was de minimis); *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001).

Here, Plaintiff alleges that Defendant Unknown Party used excessive force against him without any apparent penological justification. The degree of force used and the reason for its use are factual determinations that cannot be resolved at the pleadings stage. Thus, Plaintiff may proceed on his excessive force claim against Defendant Unknown Party at this time.[1]

As the complaint currently stands, however, Plaintiff has failed to allege facts sufficient to implicate the remaining defendants in connection with the excessive force claim or any other

---

[1] While Plaintiff has not provided the name of this defendant, the Seventh Circuit has held that where a prisoner's complaint states specific allegations describing conduct of individual prison staff members sufficient to raise a constitutional claim, but the names of those defendants are not known, the prisoner should have the opportunity to engage in limited discovery to ascertain the identity of those defendants. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009).

constitutional violation; hence, Plaintiff cannot proceed in this matter against them. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir.2005) (citations omitted). No allegations in the complaint suggest that any of the defendants, besides the Unknown Party, participated in the use of excessive force against Plaintiff or approved of it. Nor does Plaintiff allege that he did not receive prompt or adequate medical attention following the assault. In fact, he states that he was treated by Defendant Larson just "moments later" when he awoke in the health care unit. Although Plaintiff alleges that Defendant Larson made a callous remark, ("You're a tough guy. You can take a few blows to the head."), nothing in the complaint suggests that Defendant Larson participated in the assault or failed to provide Plaintiff with adequate medical treatment. Likewise, the mere presence of Defendants Nally, Jackson, and Schutler in the infirmary following the incident is not enough to implicate them in the assault. Had Plaintiff alleged that they were present during the assault yet failed to intervene, that would be a different story. But he has not. As such, Defendants Nally, Jackson, and Schutler shall be dismissed without prejudice.

Lastly, a liberal reading of Plaintiff's complaint suggests that he believes that Defendant Roeckman should be liable because he was notified of the assault yet failed to do a comprehensive investigation into the matter. But again, a civil rights action against state officials under 42 U.S.C. § 1983 is "a cause of action based upon personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1248 (7th Cir. 1994) (citing *Wolf-Lillie v. Sonquist,* 699 F.2d 864, 869 (7th Cir. 1983)); *see also Pepper v.*

*Village of Oak Park,* 430 F.3d 809, 810 (7th Cir. 2005). Typically, an official who rules "against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a *completed act of misconduct* does not." *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007) (emphasis added). In other words, the official "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye...." *Gentry v. Duckworth,* 65 F.3d 555, 561 (7th Cir. 1995) (citations omitted). There is nothing in the complaint to suggest that Defendant Roeckman was personally involved in the assault, failed to stop it, or approved of it. Thus, the claims against Defendant Roeckman shall also be dismissed without prejudice.

In summary, Plaintiff shall be allowed to proceed with his Eighth Amendment excessive force claim against Defendant Unknown Party. In addition, Defendants Jackson, Schutler, Nally, and Larson shall be dismissed without prejudice. The claims against Defendant Roeckman shall also be dismissed. However, the Clerk of Court shall be directed to keep Defendant Roeckman, Warden of Big Muddy, as a party in this suit for the sole purpose of assisting with the identification of the Unknown Defendant.

**Pending Motion**

Plaintiff's motion for recruitment of counsel (Doc. 3) remains pending and shall be **REFERRED** to United States Magistrate Judge Wilkerson and addressed in a separate order.

The motion for service at government expense (Doc. 4) is **GRANTED IN PART AND DENIED IN PART.** Service shall be ordered on Defendant Roeckman for the sole purpose of assisting with the identification of the Unknown Party Defendant. Service cannot be ordered on the Unknown Party Defendant until Plaintiff identifies him by name in an amended complaint.

**Disposition**

**IT IS HEREBY ORDERED** that Plaintiff's excessive force claim against Defendant **UNKNOWN PARTY** shall proceed.

Defendants **JACKSON, SCHUTLER, NALLY,** and **LARSON** are **DISMISSED** without prejudice. The claims against Defendant **ROECKMAN** shall also be **DISMISSED** without prejudice. However, the Clerk of Court is **DIRECTED** to keep Defendant **ROECKMAN**, Warden of Big Muddy, as a party in this suit for the sole purpose of assisting with the identification of the Unknown Defendant. *See* FED. R. CIV. P. 21; FED. R. CIV. P. 17(d).[2]

The Clerk of Court shall prepare for Defendant **ROECKMAN**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the remaining Unknown Defendant until such time as Plaintiff has identified this Unknown Defendant by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the name and service address for this individual.

With respect to a defendant who no longer can be found at the work address provided by

---

[2] Federal Rule of Civil Procedure 21 states in pertinent part: "On motion or on its own, the court may at any time, on just terms, add or drop a party." Rule 17(d) provides: "A public officer who . . . is sued in an official capacity may be designated by official title rather than by name, but the court may order that the officer's name be added."

Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, his or her last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Wilkerson for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Wilkerson for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, even if his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give

security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 11, 2014**

Digitally signed by Nancy J Rosenstengel
Date: 2014.08.11 15:01:42 -05'00'

_____
NANCY J. ROSENSTENGEL
United States District Judge