IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT EVANS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.14-CV-821-NJR-DGW |
| | ) |
| ZACHARY ROECKMAN, LT V | ) |
| JACKSON, LIEUTENANT SCHUTLER, | ) |
| N NALLY, UNKNOWN PARTY, DR. | ) |
| DENNIS LARSON, and LARRY TODD | ) |
| MANKER, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Now pending before the Court is the Motion to Dismiss for Want of Prosecution filed by Defendant Larry Todd Manker on January 20, 2016 (Doc. 51).

### FACTUAL BACKGROUND

Plaintiff Robert Evans, a former inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit on July 18, 2014, alleging his constitutional rights were violated while he was incarcerated at Big Muddy River Correctional Center. Soon after filing his complaint, the Court recruited counsel for Plaintiff, and Attorney Jon A. Santangelo was assigned to represent Plaintiff in this matter (Doc. 16). Attorney Santangelo, on behalf of Plaintiff, filed an amended complaint naming Larry Todd

Manker as the sole defendant in this matter (Doc. 28). Following the entry of the amended complaint, a scheduling order was issued.

In April 2015, Attorney Santangelo requested additional time to respond to Defendant's interrogatories and requests for production of documents related to the issue of exhaustion of administrative remedies because counsel was no longer able to reach Plaintiff by telephone (*see* Doc. 36). Counsel also informed the Court that Plaintiff's last known address and telephone number were no longer valid (*Id.*). The Court granted Plaintiff additional time to respond to Defendant's requests (Doc. 37); however, prior to the new deadline, counsel for Plaintiff again requested an extension of time to respond because Plaintiff was still unreachable (Doc. 38).

The Court granted Plaintiff's motion, in part, and ordered Plaintiff to show cause if he was unable to provide the responses by the new deadline (Doc. 39). In compliance with the Court's order, counsel for Plaintiff notified the Court on June 25, 2015, that he had attempted to contact Plaintiff via telephone approximately eleven times between April 15, 2015, and June 22, 2015, but to no avail (Doc. 40). Additionally, counsel sent a letter via certified mail to Plaintiff's last known address but never received a response (*Id.*). Following this filing, counsel for Plaintiff filed a motion to withdraw on October 2, 2015, explaining that Plaintiff's telephone number had been disconnected, and a letter sent to Plaintiff via certified mail was returned as undeliverable (*see* Doc. 43). The Court granted Attorney Santangelo's motion to withdraw and advised Plaintiff that he would

be proceeding *pro se*. Plaintiff was ordered to show cause, in writing, by October 30, 2015, why this matter should not be dismissed for failure to prosecute (Doc. 44). That Order was sent to Plaintiff's last known address via certified mail, but was returned as undeliverable (*see* Doc. 45). As of the date of this Order, Plaintiff has not responded to the Court's Show Cause Order.

On January 20, 2016, Defendant filed the motion to dismiss now before the Court (Doc. 51). In the motion, Defendant reiterates the posture of this case as recited above and asks that the matter be dismissed for failure to prosecute. As of the date of this Order, Plaintiff has not filed a response to Defendant's motion.

## DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure provides that a defendant may move to dismiss an action if a plaintiff fails to prosecute or comply with the Federal Rules. Pursuant to Rule 41(b), an action may be dismissed "when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003) (quoting *Williams v. Chicago Bd. Of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998) (other citations omitted)). Though dismissal is left to the judge's discretion, district courts are strongly encouraged to provide an explicit warning before a case is dismissed; especially where the litigant is *pro se*. *Fischer v. Cingular Wireless, LLC*, 446 F.3d 663, 665 (7th Cir. 2006); *see also In re Bluestein & Co.*, 68 F.3d 1022, 1025 (7th Cir. 1995).

The circumstances presented here warrant dismissal of this action with prejudice. Despite being assigned counsel in this matter, Plaintiff became (and remains) unreachable since approximately April 2015. Since April 2015, Plaintiff has made no attempt to notify the Court of any change in his address and, as such, all orders sent to Plaintiff since counsel has been allowed to withdraw have been returned as undeliverable (*see* Docs. 45 and 50). Moreover, Plaintiff has not provided any response to Defendant's discovery requests propounded more than a year ago, on February 24, 2015 (*see* Doc. 36). Because Plaintiff has contacted neither opposing counsel nor the Court, and he has not filed any document in this matter for over a year, despite being ordered to do so, the Court finds that Plaintiff has established a clear record of delay that justifies dismissal pursuant to Rule 41(b).

Importantly, although Plaintiff is now proceeding *pro se* in this cause, and although *pro se* litigants are given wide latitude, they do not enjoy "unbridled license to disregard clearly communicated court orders," nor are they entitled to a general dispensation from the rules of civil procedure or court-imposed deadlines. *Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir. 1996). For the reasons set forth above, it is apparent that Plaintiff has disregarded his obligations and is no longer interested in litigating this matter.

## CONCLUSION

The Motion to Dismiss for Lack of Prosecution filed by Defendant Larry Todd

Manker (Doc. 51) is **GRANTED**, and this matter is **DISMISSED with prejudice**. The Clerk of the Court is **DIRECTED** to enter judgment accordingly.

If Plaintiff wishes to contest this Order, he has two options. He can ask the Seventh Circuit to review the order, or he can first ask the undersigned to reconsider the Order before appealing to the Seventh Circuit.

If Plaintiff chooses to go straight to the Seventh Circuit, he must file a notice of appeal *within 30 days* from the entry of judgment. FED. R. APP. P. 4(a)(1)(A). The deadline can be extended for a short time only if Plaintiff files a motion showing excusable neglect or good cause for missing the deadline and asking for an extension of time. FED. R. APP. P. 4(a)(5)(A), (C). *See also Sherman v. Quinn*, 668 F.3d 421, 424 (7th Cir. 2012) (explaining the good cause and excusable neglect standards); *Abuelyaman v. Illinois State Univ.*, 667 F.3d 800, 807 (7th Cir. 2011) (explaining the excusable neglect standard).

On the other hand, if Plaintiff wants to start with the undersigned, he should file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). The motion *must* be filed within twenty-eight (28) days of the entry of judgment, and the deadline *cannot* be extended. FED. R. CIV. P. 59(e); 6(b)(2). The motion must also comply with Rule 7(b)(1) and state with sufficient particularity the reason(s) that the Court should reconsider the judgment. *Elustra v. Mineo*, 595 F.3d 699, 707 (7th Cir. 2010); *Talano v. Nw. Med. Faculty Found., Inc.*, 273 F.3d 757, 760 (7th Cir. 2001). *See also Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012) ("To prevail on a Rule 59(e) motion to

amend judgment, a party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.") (citation and internal quotation marks omitted).

So long as the Rule 59(e) motion is in proper form and submitted on-time, the 30-day clock for filing a notice of appeal will be stopped. FED. R. APP. P. 4(a)(4). The clock will start anew once the undersigned rules on the Rule 59(e) motion. FED. R. APP. P. 4(a)(1)(A), (a)(4), (a)(4)(B)(ii). To be clear, if the Rule 59(e) motion is filed outside the 28-day deadline or "completely devoid of substance," the motion will not stop the clock for filing a notice of appeal; it will expire 30 days from the entry of judgment. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014); *Talano v. Northwestern Medical Faculty Foundation, Inc.*, 273 F.3d 757, 760–61 (7th Cir. 2001); *Martinez v. Trainor*, 556 F.2d 818, 819–20 (7th Cir. 1977). Again, this deadline can be extended only on a written motion by Plaintiff showing excusable neglect or good cause.

The Court has one more bit of instruction regarding the appeals process. If Plaintiff chooses to appeal to the Seventh Circuit, he can do so by filing a notice of appeal in this Court. FED. R. APP. P. 3(a). The current cost of filing an appeal with the Seventh Circuit is $505.00. The filing fee is due at the time the notice of appeal is filed. FED. R. APP. P. 3(e). If Plaintiff cannot afford to pay the entire filing fee up front, he must file a motion for leave to appeal *in forma pauperis* ("IFP motion") along with a recent statement for his prison trust fund account. *See* FED. R. APP. P. 24(a)(1)(C). The IFP motion must set

forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If he is allowed to proceed IFP on appeal, he will be assessed an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He will then be required to make monthly payments until the entire filing fee is paid. 28 U.S.C. § 1915(b)(2).

**IT IS SO ORDERED.**

**DATED:   May 5, 2016**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**